UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JORGE A. RODRIGUEZ II,

       *Plaintiff*,

  v.

INDIANA UNIVERSITY SCHOOL OF MEDICINE,

       *Defendant*.

Case No.: 1:23-CV-1697-TWP-MJD

**CASE MANAGEMENT PLAN**

**I.**    **Parties and Representatives**

    A.    Plaintiff:    Jorge A. Rodriguez, II

           Defendant:    Indiana University School of Medicine

    B.    Plaintiff's counsel:    Jason J. Bach
THE BACH LAW FIRM, LLC
7881 W. Charleston Blvd., Suite 130
Las Vegas, NV 89117
Telephone Number: 702-925-8787
Facsimile: 702-925-8788
Email: jbach@bachlawfirm.com

           Defendant's counsel:    Hamish S. Cohen (#22931-53)
Brian Weir-Harden (#27651-49)
MATTINGLY BURKE COHEN & BIEDERMAN LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
Telephone Number: 314-614-7320
Emails: Hamish.Cohen@mbcblaw.com
         Brian.Weir-Harden@mbcblaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.      Jurisdiction and Statement of Claims**

    A.    The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of federal law claims arising under the constitution and statutes of the United States and as there exist claims based upon 42 U.S.C. §§ 12101-12213 and 29 U.S.C. § 701, *et seq*.

    B.    Plaintiff's Claims: Plaintiff was a student in Indiana University School of Medicine's ("IUSM") Doctor of Medicine program whose academic performance was directly impacted by the symptoms of his disabilities. These impacts could have been readily ameliorated by reasonable accommodations by Defendant.

    In November 2021, following continued academic difficulties, Plaintiff realized the need for and requested such accommodations. Two months later, without providing Plaintiff an opportunity to utilize accommodations, IUSM dismissed him. That dismissal was based solely on his performance without accommodations. The dismissal was upheld by IUSM Dean Jay Hess because Plaintiff required accommodations. In dismissing Plaintiff without providing an opportunity to receive accommodations and upholding that dismissal precisely because Plaintiff required such accommodations, IUSM violated Plaintiff's rights under the ADA and RA.

    Accordingly, Plaintiff now petitions this Court for redress in the form of injunctive relief, damages, costs and reasonable attorney's fees in relation to the violation of his rights. Plaintiff has filed a claim against Defendant for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.

    C.    Defendant's Claims: While a student at the Indiana University School of Medicine, Plaintiff did not record or demonstrate he had a record of impairment that substantially limited one of his major life activities. Regardless, even if one accepts, for the sake of argument, Plaintiff can demonstrate he was, during the relevant time, entitled to protection under the Americans with Disabilities Act or the Rehabilitation Act, Plaintiff did not request – and Defendant did not know and could not reasonably have known – that accommodation was required. Indeed, as acknowledged in Plaintiff's complaint, Indiana University School of Medicine ("IUSM") was not informed of any alleged disability during Plaintiff's first or second year prior to the receipt of his failing grades. Indeed, the facts will show, Plaintiff did not raise any alleged disability issues until after a decision had been made regarding his academic future at IUSM. Any subsequent actions by IUSM were in accordance with its appeal process as set forth in its policies and procedures. Finally, Plaintiff did, in fact, withdraw from IUSM. Before doing so, Plaintiff never raised any issues internally (to Indiana University's Office of Equal Opportunity), and he never complained externally (to the United States Department of Education, Office of Civil Rights or any other agency).

Accordingly, the record will show IUSM did not know, or have reason to know, of any alleged disability during Plaintiff's academic coursework or prior to its preliminary notice of dismissal. IUSM could not make reasonable accommodations when it did not have knowledge such accommodations were required. IUSM anticipates moving for summary judgment on these grounds.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 17, 2024**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 24, 2024**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **January 31, 2024**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 1, 2024**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 24, 2024**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the proposal**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **September 20, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **October 21, 2024**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 3, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **November 15, 2024**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**[1], each specific document that may be offered at the trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format. If the parties subsequently agree to produce ESI in other than its native format, and if thereafter a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

### IV.  Discovery[3] and Dispositive Motions

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

   Plaintiff:  Plaintiff does not anticipate that he will file a motion for summary judgment at this time.

B.  On or before **August 9, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C.  Dispositive motions are expected and shall be filed by **September 6, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 2, 2024**; all remaining discovery shall be completed by **January 17, 2025**.

   <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

[3] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

V.  **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in June, 2024.

VI.  **Trial Date**

This matter will be ready for trial in or after **June, 2025**. The trial is by **jury** and is anticipated to take **four days**.

VII.  **Referral to Magistrate Judge**

A.  **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

**VIII.** **Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

           a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

           b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

        4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**    **Other Matters**

    None.

Respectfully submitted,

| | |
|---|---|
| **THE BACH LAW FIRM, LLC** | **MATTINGLY BURKE COHEN & BIEDERMAN LLP** |
| | |
| */s/ Jason J. Bach* | */s/ Hamish S. Cohen* |
| Jason J. Bach | Hamish S. Cohen (#22931-53) |
| Nevada Bar No. 7984 | Brian Weir-Harden (#27651-49) |
| 7881 W. Charleston Blvd., Suite 165 | 155 East Market Street, Suite 400 |
| Las Vegas, Nevada 89117 | Indianapolis, IN 46204 |
| Telephone: (702) 925-8787 | Telephone: (314) 614-7320 |
| Facsimile: (702) 925-8788 | Emails: Hamish.Cohen@mbcblaw.com |
| jbach@bachlawfirm.com | Brian.Weir-Harden@mbcblaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   | |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (___) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (___) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 6, 2024**. |
| X | DISCOVERY SHALL BE COMPLETED BY **August 2, 2024**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  16 JAN 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.