UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JORGE RODRIGUEZ II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-CV-01697 ) ) |
| INDIANA UNIVERSITY SCHOOL OF MEDICINE, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S STATEMENT OF DEFENSES**

Defendant, The Trustees of Indiana University[1] (the "Defendant" or "IUSM"), pursuant to Section IV.B of the approved Case Management Plan for this matter, hereby submits the following statement of defenses it intends to assert at trial and the legal theories upon which the defenses are based.

**I.   Defendant's Defenses to Plaintiff's Claims of Violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.**

**A.   Introduction.**

1. Plaintiff's claims fail for several reasons. First, for IUSM to provide reasonable accommodations to Plaintiff, IUSM would need to have had timely knowledge that such accommodations were requested and required. Unfortunately for Plaintiff, he failed to provide IUSM with timely notice of his need for academic accommodations.

2. Second, when Plaintiff informally inquired about receiving accommodations for his disability, IUSM advised Plaintiff on the necessary steps to take to apply for and receive consideration for accommodations. However, Plaintiff never took the appropriate steps to apply

---

[1] The Indiana University School of Medicine's ("IUSM") legal name is "The Trustees of Indiana University."

for and receive accommodations. Lastly, Plaintiff's damage claims fail because IUSM cannot provide Plaintiff with the redress he is seeking.

### B. Plaintiff Did Not Timely Request Accommodations.

3. "For a school to be able to make reasonable accommodations for a student it must have knowledge that such accommodations are required." *Leacock v. Temple University School of Medicine*, No. Civ.A 97-7850, 1998 WL 1119866, *4 (E.D.Pa. Nov.25, 1998); *See also Jackson v. City of Chicago*, 414 F.3d 806, 813 (7th Cir. 2005) (by the statutory language, reasonable accommodation is limited by the defendant's knowledge of the disability).

4. Therefore, "where a student has failed to show that the school was aware of her disability at the time she was terminated, the student has failed to state a claim under the [RA or ADA]." *Leacock*, 1998 WL 1119866 at *4 (citation omitted). Where a student's claims are for failure to provide accommodation, "official notification" is "required." *North v. Widener University*, 869 F.Supp.2d 630, 636 (E.D.Pa. 2012) (compiling cases).

5. It is undisputed Plaintiff never provided IUSM with official notification of any disability prior to his failing two Phase 1, Year 2 medical school classes, the failing of which justified IUSM's Student Promotions Committee ("SPC") to determine that he was not making satisfactory progress and should be dismissed. To the extent IUSM had informal knowledge, it was that Plaintiff might be seeking to determine whether he had a disability and what accommodations he might require. This, however, does not constitute notice of a disability. *Goodwin v. Keuka College*, 929 F.Supp. 90, 94 (W.D.N.Y. 1995) (Knowledge that plaintiff was seeking testing for disabilities does not constitute notice of a disability).

6. Ultimately, as acknowledged by Plaintiff himself, he did not raise the possibility of accommodations until *after* he had failed multiple classes and was going to be dismissed from

IUSM. IUSM could not provide accommodations, however, for undisclosed alleged disabilities raised months after those classes were failed. Plaintiff did not timely put IUSM on notice of his alleged disabilities or request any accommodation prior to the initial dismissal determination. As such, his claims fail as a matter of law.

      **C.**    **Plaintiff Failed to Request Accommodations or Engage in the Requisite Accommodations Process in Good Faith.**

7. Even if one assumes for the sake of argument Plaintiff provided notice of his disability, Plaintiff had a duty to engage in good faith in IUSM's academic accommodations process to attempt to identify potential accommodations that will permit the disabled worker to continue working. This is known as the "interactive process." See 29 C.F.R. § 1630.2(o)(3).

8. IUSM has clear and explicit policies and procedures for requesting and receiving accommodations. IUSM's academic accommodations policy provides:

> To qualify for accommodation, a student must identify him/herself to the assistant dean for academic advising; declare the disability (or suspected disability) in writing; and request accommodation. It is the student's responsibility to obtain a thorough written evaluation from an appropriate professional, documenting the presence, extent and ramifications of the disability. The documentation must include the specific types of accommodations that the professional believes would be most effective to help the student perform the essential functions of the academic program and meet the technical standards in a medical school environment. The professional's name, credentials and contact information must be included with the supporting documentation. The school's goal is to provide equal opportunity without undermining the integrity of any course, clerkship or program.

9. Plaintiff never requested any accommodation pursuant to this policy, despite being informed on multiple occasions of the necessary measures and steps to take to receive accommodations.

10. Further, and regardless, Plaintiff failed to engage in any interactive process with Defendant despite Defendant's good faith efforts to obtain information from him.

11. Nothing in the ADA requires Defendant speculate to the extent of any alleged disability or the need or extent of any possible accommodations.

12. Further, liability for any alleged failure to accommodate necessarily rests upon the party responsible for the breakdown in the good faith process. *Conneen v. MBNA America Bank, N.A.*, 182 F.Supp.2d 370, 379 (D.Del. 2002) aff'd. *Conneen v. MBNA America Bank, N.A.*, 334 F.3d 318 (3d Cir. 2003) (hereinafter "*Conneen II*"); *Beck v. University of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1135-36 (7th Cir. 1996); *Beal v. Munci Sanitary District*, Case No. 1:19-cv-01506-TWP-TAB, 2020 WL 6205641, *7 (S.D. Ind. Oct. 22, 2020).

13. The undisputed evidence will show Rodriguez failed to fulfill his obligations to engage in a meaningful interactive process, and as such Defendant is entitled to judgment as matter of law. *See Conneen II*, 334 F.3d at 332; *Beck*, 75 F.3d at 1135-36; *Beal*, 2020 WL 6205641 at *7.

### D. Plaintiff Cannot Recover Damages.

14. In his most recent settlement demand, Plaintiff only seeks readmittance to IUSM. Given his prior monetary demands, however, IUSM notes he must prove "intentional" conduct and not just negligence to obtain damages.

15. The Seventh Circuit adopted a "deliberate indifference" standard, which involves a two-part test; (1) knowledge that harm to a federally protected right is substantially likely; and (2) a failure to act upon that likelihood. Rodriguez must prove indifference that was a deliberate choice. No evidence exists or will exist of any such deliberate choice. Accordingly, even if Plaintiff could prove liability, he will not receive monetary damages. *Moore v. Western Ill. Correctional Facility*, 89 F.4th 582, 595 (7th Cir. 2023) (citations omitted).

Respectfully submitted,

*/s/ Hamish S. Cohen*
Hamish S. Cohen #22931-53
Brian Weir-Harden #27651-49
Mattingly Burke Cohen & Biederman LLP

4

                155 E. Market St., Suite 400
                Indianapolis, IN 46204
                317-617-7320
                Hamish.Cohen@mbcblaw.com
                Brian.weir-harden@mbcblaw.com

                *Attorneys for Defendant Indiana University School of Medicine*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 9, 2024, a copy of the foregoing was filed electronically. Service of this filing is also being made by operation of the Court's CM/ECF system to all counsel of record:

Jason J. Bach
The Bach Law Firm LLC
7881 W. Charleston Blvd., Suite 165
Las Vegas, NV 89117

                */s/ Hamish S. Cohen*
                Hamish S. Cohen