**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JORGE A. RODRIGUEZ II,

      *Plaintiff,*

      v.

INDIANA UNIVERSITY SCHOOL OF
MEDICINE,

      *Defendant.*

Case No. 1:23-cv-1697-TWP-CSW

**PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF**
**THE COURT'S SEPTEMBER 19, 2025 ORDER**

Plaintiff Jorge A. Rodriguez II ("Plaintiff" or "Mr. Rodriguez"), by counsel, hereby submits this Motion for Clarification and/or Reconsideration of the Court's September 19, 2025 Order pursuant to the Court's authority under Federal Rule of Civil Procedure 54(b), with respect to the Court's holding as to Mr. Rodriguez's claim for compensatory damages arising from his failure to accommodate claim against to Defendant Indiana University School of Medicine's ("Defendant" or "IUSM").

1.	On September 19, 2025, this Court issued an Order granting in part and denying in part Defendants' motion for summary judgment. Filing No. 72. The Court granted Defendant summary judgment on Mr. Rodriguez's intentional discrimination claim but denied summary judgment as to his failure to accommodate claim. *Id.* The Court also granted summary judgment as to Mr. Rodriguez's damages claims, based on its assertion that Mr. Rodriguez failed to address the argument or standard in his brief, the Court's grant of summary judgment on the intentional discrimination claim, and the Court's finding that there is no evidence in the record that IUSM "made a deliberate choice to deny him access to services." *Id.*, p. 21.

1

2.      For all the reasons set forth in Plaintiff's accompanying brief, Plaintiff seeks clarification as to whether the Court intended its September 19, 2025 Order to grant summary judgment on Plaintiff's damages claims arising out of the remaining failure to accommodate claim, and, to the extent it did, Plaintiff seeks reconsideration as to the Court's ruling and an order denying Defendant's motion for summary judgment as to that damages claim.

3.      The Court's grant of summary judgment to Defendant on Plaintiff's claim for compensatory damages does not reference Plaintiff's claim for failure to accommodate or the standard for deliberate indifference that is applicable to such claim.  *Id*.

4.      Further the Court's assertion there is no evidence of a deliberate choice appears to conflict directly with its holdings with respect to the existence of sufficient evidence to establish that IUSM was on notice of Plaintiff's disability and need for accommodations, and that Dean Hess acted in bad faith in refusing to consider either, obstructing the accommodation process, raising a question as to the intended application of the Court's decision with respect to damages. *See* Filing No. 72, pp. 13, 20, 21.  Accordingly, Plaintiff seeks clarification.

5.      To the extent the Court did grant summary judgment to Defendant on Plaintiff's compensatory damages claim arising from his failure to accommodate claim, Plaintiff seeks reconsideration.  As the Court's September 19, 2025 Order is a non-final order, under Rule 54(b), this Court has broad discretion to reconsider its order at any point prior to final judgment.  Fed. R. Civ. Pro. 54(b).

6.      Plaintiff addressed this issue in his opposition to Defendant's motion, pointing to the evidence of actions establishing deliberate choice in the refusal to accommodate.  *See* Filing No. 44, p. 28.

7.     Additionally, as more fully set forth in Plaintiff's accompanying brief, deliberate indifference for a failure to accommodate claim is established by evidence that the defendant knew of the disability and request for accommodation, and the defendant failed or refused to provide such accommodation as a result of some deliberate action.  *See McDaniel v. Syed*, 115 F.4th 805, 823 (7th Cir. 2024).

8.     In its September 19, 2025 Order, the Court held that there was sufficient evidence for a reasonable jury to find that IUSM was on notice of Plaintiff's disability and need for accommodations prior to the final dismissal decision, and that Dean Hess not only deliberately refused to consider Plaintiff's disability or his materials, but acted in bad faith in doing so thereby obstructing the accommodation process and rendering IUSM liable for its failure to accommodate Plaintiff.  Filing No. 72, pp. 13, 20.

9.     Such finding is sufficient to establish deliberate indifference.  The Court's holding to the contrary with respect to Plaintiff's claim for damages would be seemingly contradictory; thus, the Court should clarify and/or reconsider its September 19, 2025 Order and deny Defendant summary judgment as to Plaintiff's claim for compensatory damages related to his claim for a failure to accommodate in violation of Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act.

Respectfully Submitted,

  */s/ Jason J. Bach*
Jason J. Bach
*Admitted Pro Hac Vice*
THE BACH LAW FIRM, LLC
7881 W. Charleston Blvd., Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email:  jbach@bachlawfirm.com
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 22, 2025, a copy of the foregoing was served via electronic mail on the following:

Hamish S. Cohen
Brian Weir-Harden
MATTINGLY BURKE COHEN & BIEDERMAN LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204

_/s/ Jason J. Bach_
Jason J. Bach (*Admitted Pro Hac Vice*)
