**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JORGE A. RODRIGUEZ, II,                    )
                                           )
                    Plaintiff,             )
                                           )
            v.                             )    Case No. 1:23-cv-01697-TWP-CSW
                                           )
INDIANA UNIVERSITY SCHOOL OF               )
MEDICINE,                                  )
                                           )
                    Defendant.             )

**ORDER ON MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**

This matter is before the Court on Plaintiff Jorge A. Rodriguez II's ("Rodriguez") Motion

for Clarification and/or Reconsideration of the Court's September 19, 2025 Order (Filing No. 79).

Rodriguez asks for clarification as to whether the Court dismissed all or only some of his claims

for compensatory damages in the September 19, 2025 summary judgment order; and, if the Court

did dismiss all such claims, for reconsideration of that decision. For the following reasons,

Rodriguez's Motion is **granted in part** in that the Court clarifies that the summary judgment order

dismissed all of Rodriguez's compensatory damages claims, and **denied in part** in that the Court

declines to reconsider the summary judgment order.

**I.      BACKGROUND**

Rodriguez was a student at Defendant Indiana University School of Medicine ("IUSM")

from 2020 until his withdrawal in 2022. He initiated this action under the Americans with

Disabilities Act, 42 U.S.C. § 12132 (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794,

alleging that IUSM discriminated against him and failed to reasonably accommodate his Attention-

Deficit/Hyperactivity Disorder ("ADHD"). Rodriguez seeks compensatory damages, injunctive

and declaratory relief, interest, and attorneys' fees and costs.

IUSM moved for summary judgment, and on September 19, 2025, the Court issued its Order (the "Summary Judgment Order"), which granted IUSM summary judgment on Rodriguez's discrimination claim, denied summary judgment on his failure to accommodate claim, and granted summary judgment on his compensatory damages claims (Filing No. 72).

Several months later (and shortly before a scheduled Court settlement conference), Rodriguez filed the instant Motion seeking clarification as to whether the Summary Judgment Order dismissed *all* of his claims for compensatory damages or just the damages claim arising from his discrimination claim. And, to the extent all of his compensatory damages claims were dismissed, Rodriguez seeks reconsideration. Following an unsuccessful settlement conference, the parties fully briefed Rodriguez's Motion, which is now ripe for the Court's review.

## II.    **LEGAL STANDARD**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, Rodriguez's Motion is properly classified as one under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). When ruling on a Rule 54(b) motion, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).

Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, No. 13-cv-00159, 2014 WL 3507298, at *1–2 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F.

2

Supp. 2d 809, 827–28 (W.D. Wis. 2010). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id.*

### III.    <u>DISCUSSION</u>

To start, the Court **grants** Rodriguez's request for clarification, in that the Court clarifies that the Summary Judgment Order dismissed all of Rodriguez's compensatory damages claims, not just his request for compensatory damages arising from his discrimination claim. As Rodriguez acknowledges in his Motion, IUSM requested summary judgment as to all of Rodriguez's damages

3

claims (Filing No. 42 at 30), and that request was "granted without qualification." (Filing No. 80 at 3). The Court's analysis patently applied to all of Rodriguez's requests for damages under Title II of the ADA, and not to specific claims (Filing No. 72 at 20). Further, as IUSM notes in response, by the time the Court addressed Rodriguez's damages claims, it "had already granted IUSM summary judgment as to liability on [the] intentional discrimination claims, [so] there was no reason for the Court to even reach the damages issue unless it meant for its ruling to apply, as the Order states, to Rodriguez's claims for compensatory damages, period." (Filing No. 85 at 3). The Summary Judgment Order clearly granted IUSM summary judgment on all compensatory damages claims. To the extent Rodriguez needed further clarification, it has now been provided.

The Court now turns to Rodriguez's request for reconsideration. Rodriguez argues that the Court's dismissal of his compensatory damages claims is "in direct contradiction to the Court's own findings that there was sufficient evidence from which a jury could find that IUSM . . . was aware of Plaintiff's disability and need for accommodations, and acted in bad faith in failing to accommodate him." (Filing No. 80 at 4). However, the Court held only that a reasonable jury could find that IUSM was *aware* of Rodriguez's disability (Filing No. 72 at 12–15), not Rodriguez's need for an accommodation (Filing No. 80 at 2).

To show a failure to accommodate under Title II of the ADA, a plaintiff must only show that: he is a qualified individual with a disability; the defendant was aware of his disability; and the defendant failed to reasonably accommodate his disability. *See E.E.O.C. v. AutoZone, Inc.*, 809 F.3d 916, 919 (7th Cir. 2016). Based on the summary judgment record, the Court concluded that a reasonable jury could find that Rodriguez has proven each of these elements. To prove deliberate indifference, by contrast, a plaintiff must show "both (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood." *Lacy v. Cook*

*County*, 897 F.3d 847, 862–63 (7th Cir. 2018) (citing *Liese v. Indian Rivers Cnty. Hosp. Dist.*, 701 F.3d 334, 334 (11th Cir. 2012) (citing *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty.*, 610 F.3d 588, 604 (11th Cir. 2010) (finding school board did not act with deliberate indifference because it was not able to substantiate complaints of student mistreatment after investigating complaints))).

IUSM's knowledge of Rodriguez's *disability* is not sufficient to show that IUSM knew of a *substantial likelihood* that its failure to provide an accommodation would harm Rodriguez's *federally protected rights*, or a failure by IUSM to act on that substantial likelihood. *See Moore v. W. Ill. Corr. Ctr.*, 89 F.4th 582, 595 (7th Cir. 2023) (affirming dismissal of ADA damages claim; "Our review of the record demonstrates that there is no evidence from which a jury could infer that any defendant knew that harm to a federally protected right was substantially likely. . . . In fact, [the plaintiff] never followed any of the prisons' prescribed policies for alerting the correct individuals of his need for an accommodation."); *Lange v. City of Oconto*, 28 F.4th 825, 841 (7th Cir. 2022) (denying request for new trial as to deliberate indifference claim; "While the officers here knew that Lange was deaf from past interactions, they also had ample experience communicating with her . . . without an ASL interpreter. . . . Given the officers' understanding of Lange's skills based on their prior interactions, Lange has not demonstrated that they knew that harm to a federally protected right was substantially likely." (citation modified)).

Moreover, even though Rodriguez believed that he needed an accommodation, "the deliberate indifference standard is directed to the *defendants'* state of mind, not the plaintiff's." *Lange*, 28 F.4th 841 (emphasis in original). Based on the summary judgment record, the Court found that a disputed material fact exists—one that could affect the outcome of the case—that would allow a reasonable jury to find that Defendants obstructed the interactive process, but not that IUSM knew that Rodriguez needed an accommodation for his ADHD or that there was a

substantial likelihood that his federally protected rights would be violated if no accommodation was provided. Rodriguez has failed to show that the Court committed any manifest errors of law or fact in dismissing all of his compensatory damages claims on summary judgment. His request for reconsideration of the Summary Judgment Order is **denied**.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, Rodriguez's Motion for Clarification and/or Reconsideration of the Court's September 19, 2025 Order (<u>Filing No. 79</u>) is **GRANTED in part and DENIED in part**. The Motion is **granted** in that the Court clarifies that the Summary Judgment Order dismissed all of Rodriguez's compensatory damages claims, and **denied** in that the Court declines to reconsider the Summary Judgment Order. Rodriguez's claim that IUSM failed to reasonably accommodate his disability remains set for final pretrial conference on June 24, 2026 and trial on July 20, 2026.

**SO ORDERED**.

Date:    4/3/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jennifer Westerhaus Adams
Mattingly Burke Cohen & Biederman LLP
jennifer.adams@mbcblaw.com

Jason J. Bach
THE BACH LAW FIRM LLC
jbach@bachlawfirm.com

Hamish S. Cohen
Mattingly Burke Cohen & Biederman LLP
hamish.cohen@mbcblaw.com

Brian Robison Weir-Harden
Mattingly Burke Cohen & Biederman LLP
brian.weir-harden@mbcblaw.com